IN THE MATTER OF ALPHONSO BAILEY, JR.
(SUPREME COURT DISCIPLINARY NOS. 573, 574, 575, 576, 583)
(362 SE2d 58)

PER CURIAM.

Alphonso Bailey, Jr. is a member of the State Bar of Georgia, and is the respondent in five separate disciplinary proceedings involving five different complainants.

In Supreme Court Disciplinary No. 573 respondent was charged by the State Bar with violating Standards 4, 21, 22, 23, 44 and 68 of Bar Rule 4-102. Respondent did not file an answer to the complaint. The State Disciplinary Board found that respondent was retained by a client to pursue an employment discrimination action. After accepting a fee from the client, respondent failed to pursue the action and allowed the statute of limitations to lapse, while representing to the client that the matter would proceed to trial. After being removed as counsel in the matter respondent failed to return the client's original papers and property to him upon request, and failed to refund the unearned portion of the fee paid by the client. The State Disciplinary Board found that respondent has violated Standards 4, 21, 22, 23, 44 and 68 of Bar Rule 4-102, and recommended that he be disbarred from the practice of law.

In Supreme Court Disciplinary No. 574 the State Bar alleged that respondent had violated Standards 4, 23, 44 and 68 of Bar Rule 4-102. Respondent failed to answer the complaint filed by the State Bar. The State Disciplinary Board found that respondent agreed to file a lawsuit on behalf of a client, but after accepting a retainer fee failed to file the action even as he represented to the client that trial

would commence in "two or three weeks." The Board further found that respondent failed to refund the unearned portion of the retainer fee to his client following discharge from the case. The State Disciplinary Board concluded that respondent is in violation of Standards 4, 23, 44 and 68 of Bar Rule 4-102, and recommended that he be disbarred from the practice of law.

In Supreme Court Disciplinary No. 575 respondent was charged with violation of Standards 23, 44 and 68 Bar Rule 4-102. Respondent failed to answer the State Bar's complaint. The State Disciplinary Board found that respondent accepted a retainer fee to file an employment discrimination lawsuit on behalf of a client, but thereafter refused to communicate with her or answer her requests for information about the status of her case. Respondent failed to file a lawsuit on her behalf and allowed the statute of limitations to lapse. Further, respondent failed to refund the unearned portion of the retainer fee to the client. The State Disciplinary Board found the respondent in violation of Standards 23, 44 and 68 of Bar Rule 4-102, and recommended that he be disbarred from the practice of law.

In Supreme Court Disciplinary No. 576 the State Bar charged respondent with violation of Standards 21, 22, 44 and 68 of Bar Rule 4-102. Respondent failed to answer the complaint. The State Disciplinary Board found that respondent was hired to represent a client in a civil dispute with Chrysler Corporation. When Chrysler attempted to settle the dispute with the client, she referred it to respondent. Respondent took no action to either settle the dispute or to file an action on behalf of the client resulting in great prejudice to the client. Further, respondent failed to respond to the client's repeated inquiries concerning the status of her case. After notification of his discharge in the case, respondent refused to withdraw from representation of the client and to return to her all original documents and property involved in the case. The State Disciplinary Board found respondent in violation of Standards 21, 22, 44 and 68 of Bar Rule 4-102, and recommended that respondent be disbarred from the practice of law.

In Supreme Court Disciplinary No. 583 the State Bar charged respondent with violation of Standards 4, 44, 63, 65 and 68 of Bar Rule 4-102. Respondent failed to answer the complaint. The State Disciplinary Board found that the clients involved herein retained respondent to settle a dispute with an insurance company, paying respondent a retainer, and authorizing him to settle the dispute for no less than $1045. Respondent settled the claim for $495, then forged the client's signature to the two settlement checks. Throughout these proceedings respondent refused to communicate with the clients about the status of their case and failed to inform the clients that the case had been settled. The State Disciplinary Board found the re-

spondent in violation of Standards 4, 44, 63, 65 and 68 of Bar Rule 4-102, and recommended that respondent be disbarred from the practice of law.

We follow the recommendations of the Board and hereby disbar respondent, Alphonso Bailey, Jr.

*All the Justices concur.*

DECIDED NOVEMBER 24, 1987.

*William P. Smith III, General Counsel State Bar, Paul B. Cohen, Assistant General Counsel State Bar,* for State Bar of Georgia.